**572**

Phillip PRIVE

v.

GENERAL ELECTRIC COMPANY and
Electric Mutual Liability
Insurance Company.

Supreme Judicial Court of Maine.

Argued March 8, 1982.

Decided March 30, 1982.

Hewes, Culley, Feehan & Beals, Thomas J. Quinn (orally), Portland, for plaintiff.

Sarah Allison Thornton (orally), Portland, for defendants.

Before McKUSICK, C. J., GODFREY, NICHOLS, ROBERTS and WATHEN, JJ., and DUFRESNE, A.R.J.

MEMORANDUM OF DECISION.

The employee, Phillip Prive, appeals from a pro forma judgment of the Superior Court, Cumberland County, that confirmed an award of compensation for total disability benefits from August 1, 1979 to November 20, 1979 rendered by the Workers' Compensation Commission.

We affirm the pro forma judgment.

In June 1980, a full fourteen months after the final hearing in this matter, the Commissioner made his initial award of compensation for total disability benefits from August 1, 1979 to November 20, 1979, and 50% partial disability benefits from November 21 to April 2, 1980. At the employee's request for subsequent findings of fact and conclusions of law, pursuant to 39 M.R. S.A. § 99 (1978), the Commissioner modified his order by rescinding his finding of partial disability from November 21 to April 2, 1980.

The employee challenges the Commissioner's factual conclusion that the employee's compensable injury had subsided by November 20, 1979. Our role in reviewing the Commissioner's findings of fact on appeal is limited to determining whether or not they are supported by competent evidence. *Dunton v. Eastern Fine Paper Co.*, Me., 423 A.2d 512, 514 (1980). This is the case even if the evidence also supports an alternate finding. *Madore v. Bangor Roof & Sheet Metal Co.*, Me., 428 A.2d 1184, 1187 (1981). After a careful examination of the record, we find that the medical evidence before the Commissioner supports his finding. There is no basis, therefore, for disturbing the Commissioner's decision.

The entry is:

Pro forma judgment affirmed.

Further ordered that the employer pay to the employee an allowance for counsel fees in the amount of $550.00, together with his reasonable out-of-pocket expenses for this appeal.

All concurring.